PEOPLE v CASANAS

Docket No. 57371. Submitted June 30, 1982, at Lansing.—Decided
   October 19, 1982.

   Jewel R. Casanas was convicted, on her plea of guilty, of larceny
   over $100, Saginaw Circuit Court, Gary R. McDonald, J. At the
   time of sentencing, the defendant denied three of the alleged
   prior convictions listed in the presentence report and claimed
   that she was not represented by counsel for some other convic-
   tions listed in the report. The trial judge did not reply to the
   defendant's assertions. The defendant appeals. *Held:*

   The case should be reversed and remanded for resentencing
   before a different judge. When a defendant asserts errors such
   as the defendant asserted here, the trial judge should (1) hold
   an evidentiary hearing to determine whether or not the presen-
   tence report is inaccurate, or (2) accept the defendant's un-
   sworn statement that the information is false, or (3) ignore the
   alleged misinformation in determining a sentence.

   Reversed and remanded with instructions.

   D. F. WALSH, J., dissented. He believed that the trial judge
   considered only those convictions which were not denied by the
   defendant at the time of sentencing in determining the sen-
   tence. Because the defendant failed to follow the procedure
   mandated by the Michigan Supreme Court in *People v Moore,*
   391 Mich 426; 216 NW2d 770 (1974), remand for an evidentiary
   hearing to determine whether the defendant was represented
   by counsel for the convictions for which she asserted that she
   did not have counsel is not required. He would affirm.

OPINION OF THE COURT

1. CRIMINAL LAW — SENTENCING — PRESENTENCE REPORTS.
   A trial judge, when sentencing a defendant who denies the

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law §§ 527, 528, 596.
[2] 21A Am Jur 2d, Criminal Law § 967 *et seq.*
   Accused's right to counsel under the Federal Constitution—Su-
     preme Court cases. 2 L Ed 2d 1644; 9 L Ed 2d 1260; 18 L Ed 2d
     1420.

validity of certain information contained in a presentence report, should (1) hold an evidentiary hearing to determine whether or not the presentence report is inaccurate, or (2) accept the defendant's unsworn statement that the information is false, or (3) ignore the alleged misinformation in determining the sentence.

DISSENT BY D. F. WALSH, J.

2. CRIMINAL LAW — SENTENCING — PRIOR CONVICTIONS — VALIDITY OF PRIOR CONVICTIONS.

*A defendant, to invoke a hearing to determine if the sentence might have been different if the sentencing judge had known that defendant's previous convictions had been unconstitutionally obtained because the defendant had been unrepresented by counsel and that he had been neither advised of his right to legal assistance nor had he intelligently and understandingly waived his right to the assistance of counsel, must (1) present prima facie proof that he was not represented, such as a docket entry showing the absence of counsel or a transcript evidencing the same, or (2) present evidence that he has requested such records from the sentencing court and it has failed to reply or has refused to furnish copies of records within a reasonable period of time.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert L. Kaczmarek,* Prosecuting Attorney, and *Kay F. Pearson,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Richard B. Ginsberg*), for defendant on appeal.

Before: R. B. BURNS, P.J., and D. F. WALSH and P. J. MARUTIAK,* JJ.

PER CURIAM. Defendant pled guilty to larceny over $100, MCL 750.356; MSA 28.588. She was sentenced to serve 1-1/2 to 5 years in prison.

At the time of sentencing, she denied three convictions listed on the presentence report. It is

* Circuit judge, sitting on the Court of Appeals by assignment.

also claimed that she was not represented by counsel for some other convictions.

The trial judge did not reply to such assertions.

When a defendant asserts such errors, the trial judge has three alternatives. First, he can hold an evidentiary hearing to determine whether or not the presentence report is inaccurate. Second, he can accept the defendant's unsworn statement that the information is false. Third, he can ignore the alleged misinformation in determining the sentence. *People v Perez,* 103 Mich App 636; 303 NW2d 49 (1981).

This case is reversed and remanded for resentencing before a different judge.

D. F. WALSH, J. *(dissenting).* I must respectfully dissent. My review of the record persuades me that the trial judge considered only those convictions which were not denied by the defendant at the time of sentencing. Moreover, since the defendant failed to follow the procedure mandated by the Supreme Court in *People v Moore,* 391 Mich 426, 440; 216 NW2d 770 (1974), remand for a *Tucker* hearing is not required.[1] I would affirm.

[1] *United States v Tucker,* 404 US 443; 92 S Ct 589; 30 L Ed 2d 592 (1972).